DISCIPLINARY COUNSEL *v*. ROONEY.

[Cite as *Disciplinary Counsel v. Rooney,*
110 Ohio St.3d 349, 2006-Ohio-4576.]

(No. 2006–0809—Submitted June 7, 2006—Decided September 20, 2006.)

**Per Curiam.**

{¶ 1} Respondent, John James Rooney of Bay Village, Ohio, Attorney Registration No. 0024969, was admitted to the Ohio bar in 1984.

{¶ 2} On April 18, 2005, relator, Disciplinary Counsel, filed a complaint charging respondent with professional misconduct. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in November 2005. The panel then prepared written findings of fact and conclusions of law, which the board adopted, as well as a recommended sanction, which the board modified.

Misconduct

{¶ 3} Barbara A. Gombita of Bedford Heights, Ohio, died on May 27, 2002. In accordance with Gombita's will, Gombita's sister, Gertrude Karvelas, was named the executor and sole beneficiary of the estate.

{¶ 4} In June 2002, Karvelas retained respondent's law firm to administer Gombita's estate. Karvelas paid respondent a $500 retainer plus $200 for court costs.

{¶ 5} From June 2002 until March 2003, Karvelas spoke regularly with respondent about the estate. Each time they spoke, respondent assured Karvelas that he was taking care of all probate matters for her. In November 2003, respondent told Karvelas that the estate would be finalized by the end of that year.

{¶ 6} Starting in 2004, Karvelas began to call respondent often, but he rarely returned the calls. When Karvelas was able to speak with respondent in May 2004, he promised to send her the necessary papers to close the estate's bank accounts. Respondent failed to send the paperwork. Karvelas then called the Cuyahoga County Probate Court, and she learned that no documents had been filed there in connection with the Gombita estate.

{¶ 7} Karvelas terminated respondent's services in June 2004 and asked that the case file be sent to Karvelas's new attorney. The case file was promptly sent to the new attorney, but respondent did not provide a $700 refund to Karvelas until June 2005.

{¶ 8} The board found that respondent had violated DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), 7–101(A)(1) (barring an attorney from intentionally failing to seek the lawful objectives of a

client), and 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract of professional employment).

## Sanction

{¶ 9} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board cited several mitigating factors: the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, a timely and good-faith effort to provide restitution or to rectify the consequences of the misconduct, the respondent's full and free disclosure to the board and his cooperative attitude toward the disciplinary process, and respondent's good character. BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), and (e).

{¶ 10} Relator recommended that respondent be suspended from the practice of law for six months, and the panel adopted that recommendation. However, the board concluded that respondent should be suspended for six months, with the entire suspension stayed.

{¶ 11} We accept the board's factual findings, although we agree with the panel's recommended sanction rather than the more lenient sanction proposed by the board.

{¶ 12} Dishonest conduct on the part of an attorney generally warrants an actual suspension from the practice of law. See, e.g., *Disciplinary Counsel v. Beeler*, 105 Ohio St.3d 188, 2005-Ohio-1143, 824 N.E.2d 78, ¶ 44 ("A violation of DR 1–102(A)(4) ordinarily calls for the actual suspension of an attorney's license"); *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 191, 658 N.E.2d 237 ("when an attorney engages in a course of conduct that violates DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time").

{¶ 13} Although we acknowledge the various mitigating factors noted by the board, those factors do not warrant a departure from the ordinary rule that an actual suspension should be imposed for dishonest conduct, particularly when that conduct is designed to "mislead a court or client." *Akron Bar Assn. v. Holder*, 102 Ohio St.3d 307, 2004-Ohio-2835, 810 N.E.2d 426, ¶ 43 (imposing a two-year suspension, with 18 months stayed).

{¶ 14} Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Milano Weiser and Jay Milano, for respondent.