DISCIPLINARY COUNSEL *v.* SHAVER.

[Cite as *Disciplinary Counsel v. Shaver*, **121 Ohio St.3d 393, 2009-Ohio-1385.**]

*Attorneys at law — Misconduct — Revealing information related to representation of a client — Public reprimand.*

(No. 2008-2402 — Submitted February 4, 2009 — Decided April 1, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-047.

_____

**Per Curiam**.

{¶ 1} Respondent, David Brian Shaver of Pickerington, Ohio, Attorney Registration No. 0036980, was admitted to the practice of law in Ohio in 1986. The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent, based on findings that he failed to properly dispose of confidential client files and other materials, in violation of the Rules of Professional Conduct. We agree that respondent committed professional misconduct as found by the board and that a public reprimand is appropriate.

{¶ 2} Relator, Disciplinary Counsel, charged that respondent had violated Prof.Cond.R. 1.6(a) (prohibiting, with exceptions not relevant here, a lawyer from revealing information relating to the representation of a client) and 1.9(c)(2) (prohibiting, with exceptions not relevant here, a lawyer who has formerly represented a client from revealing information relating to that representation). A panel of board members considered the case on the parties' stipulations, found the cited misconduct, and recommended the public reprimand proposed by the parties. The board adopted the panel's findings of misconduct and recommendation.

**Misconduct**

**{¶ 3}**   At all times relevant to this case, respondent served as the mayor of Pickerington.  In the spring of 2007, respondent moved his law office from a Columbus Street location to another location in that city.  He continued to lease the garage behind the Columbus Street address, storing an estimated 500 boxes of records in that space on a month-to-month basis.

**{¶ 4}**   In late June 2007, the owner of the Columbus Street property sold the garage and advised respondent to remove the records from it.  The new owner and her tenant took possession shortly thereafter and immediately began preparing the space for their businesses.  In early July 2007, respondent brought a crew to assist him in removing the many boxes.  He took some boxes with him, placing them in a moving truck, but he put some boxes in a nearby dumpster and left approximately 20 other boxes beside the dumpster.

**{¶ 5}**   The new tenant, who had worked as a paralegal for a law office, had misgivings about the propriety of respondent's disposal method.  She examined the contents of several of the boxes left by the dumpster and realized that they contained client materials including confidential information.  Concerned that those boxes might not be taken away with the others in the dumpster and that client confidences might be compromised, the tenant and her husband returned them to the garage later that evening.

**{¶ 6}**   Upon receiving notice that respondent had left not only the boxes of client records but also furniture and computers in the garage, the former owner paid to have those items hauled away.  Neither of the property owners nor the new tenant contacted respondent again about his failure to remove all the contents of the garage.  An anonymous tipster, however, contacted a television station about the incident, and the tip led to television news and newspaper stories.[1]

---

1.  A television reporter took two boxes of files to her office for the story but has since turned them over to relator.

**{¶ 7}** Respondent admitted that he failed to ensure the proper disposal of client files, records, and related materials. The panel and board thus found him in violation of Prof.Cond.R. 1.6(a) and 1.9(c)(2). We accept these findings of misconduct.

### Sanction

**{¶ 8}** In recommending a sanction for this misconduct, the panel and board weighed the aggravating and mitigating factors of respondent's case. See BCGD Proc.Reg. 10(B). The panel and board found no aggravating factors. Mitigating factors were respondent's history of public service and the absence of a prior disciplinary record. See BCGD Proc.Reg. 10(B)(2)(a).

**{¶ 9}** We accept the board's recommendation of a public reprimand. Respondent is hereby publicly reprimanded for his violations of Prof.Cond.R. 1.6(a) and 1.9(c)(2). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

David W. Poston, for respondent.

_____