O’Connor, J.,
dissenting.
{¶ 28} I disagree with the majority’s decision to adhere to the recommendation of the Board of Commissioners on Grievances and Discipline and impose a one-year suspension, all stayed. Based upon respondent’s conduct and our precedent, I would impose an actual one-year suspension. I therefore dissent.
{¶ 29} As noted by the majority, this court must weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. Disciplinary Counsel v. Broeren, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. When all of the relevant factors for determining what sanction to impose against respondent are weighed, it is clear that an actual suspension is necessary.
{¶ 30} I agree with the board’s findings with regard to the mitigating and aggravating factors in this case. However, I disagree with the majority’s treatment of these factors. As to mitigating factors, I agree with the board’s findings that respondent lacked a prior disciplinary record, did not act out of a dishonest or selfish motive, cooperated with the disciplinary process, proved his good character through references, and has suffered embarrassment from the accusations of misconduct portrayed in the local media. Regarding aggravating factors, I agree with the board’s findings that respondent has refused to acknowledge the wrongful nature of his conduct, other than the lending of money to his client, that respondent has failed to make restitution or to help Steiner in retrieving his possessions, and that Steiner was vulnerable and suffered harm.
{¶ 31} The majority recognizes that the primary purpose of the disciplinary process is to protect the public from lawyers who are unworthy of the trust and confidence essential to the attorney-client relationship and to allow us to ascertain the lawyer’s fitness to practice law. Disciplinary Counsel v. Agopian, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, ¶ 10. Yet the majority does not fulfill that purpose because it stays respondent’s suspension. The majority simply excuses respondent’s conduct by holding that he acted in what he perceived to be Steiner’s best interest.
*215 Jonathan Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Assistant Disciplinary Counsel, for relator.
Christensen, Christensen, Donchatz, Kettlewell & Owens, Charles J. Kettle-well, and Kenneth R. Donchatz, for respondent.
{¶ 32} Although respondent may have acted in what he perceived to be Steiner’s best interests, his unilateral decision to clean up and dispose of Steiner’s property against his client’s known wishes, his misrepresentations to Steiner’s children (which were designed to gain their agreement to his plan of action), his retention of his client’s property, his failure to keep an accurate and complete inventory and to account for Steiner’s personal property during the cleanup, and his failure to acknowledge the wrongfulness of his actions undermine the trust and confidence essential to the attorney-client relationship. All of these factors demonstrate that an actual suspension of his license to practice law for one year is warranted.
{¶ 33} While respondent may not have acted with a dishonest motive, he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102(A)(4). “[D]ishonest conduct on the part of an attorney generally warrants an actual suspension from the practice of law.” Disciplinary Counsel v. Rooney, 110 Ohio St.3d 349, 2006-Ohio-4576, 853 N.E.2d 663, ¶ 12, citing Disciplinary Counsel v. Beeler, 105 Ohio St.3d 188, 2005-Ohio-1143, 824 N.E.2d 78, ¶ 44, and Disciplinary Counsel v. Fowerbaugh (1995), 74 Ohio St.3d 187, 191, 658 N.E.2d 237; see also Disciplinary Counsel v. Stollings, 111 Ohio St.3d 155, 2006-Ohio-5345, 855 N.E.2d 479, ¶ 13 (“A violation of DR 1-102(A)(4) ordinarily calls for the actual suspension of an attorney’s license”). The majority acknowledges that respondent’s conduct was dishonest and in violation of DR 1-102(A)(4), yet inexplicably declines to impose an actual suspension. Because of the dishonest nature of respondent’s misconduct, this court’s precedent requires an actual suspension.
{¶ 34} Thus, contrary to the majority holding, I would hold that based on respondent’s conduct and our precedent, respondent’s misconduct warrants an actual suspension. I therefore respectfully dissent.
Moyer, C.J., and Lanzinger, J., concur in the foregoing opinion.