**DISCIPLINARY COUNSEL *v.* EDWARDS**.

[Cite as *Disciplinary Counsel v. Edwards,*

**134 Ohio St.3d 271, 2012-Ohio-5643.**]

*Attorneys—Misconduct—Multiple client-trust-account improprieties—Acts involving dishonesty, fraud, deceit, or misrepresentation—Two-year suspension, all stayed on conditions.*

(No. 2012-0681—Submitted July 10, 2012—Decided December 5, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-053.

_____

**Per Curiam**.

{¶ 1} Respondent, Steve J. Edwards of Grove City, Ohio, Attorney Registration No. 0000398, was admitted to the practice of law in Ohio in 1979. In June 2011, relator, disciplinary counsel, filed a complaint alleging that Edwards had committed professional misconduct by withdrawing $69,500 from his client trust account for his personal use.

{¶ 2} The parties have submitted stipulations of fact and misconduct, as well as a number of stipulated exhibits. While they agree that Edwards committed the acts charged in the complaint and that his conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), Edwards challenges relator's allegation that his

conduct involved dishonesty, fraud, deceit, or misrepresentation in violation of Prof.Cond.R. 8.4(c).[1]

{¶ 3} The panel adopted the parties' stipulations of fact and misconduct, but declined to find that the evidence established a violation of Prof.Cond.R. 8.4(c). Citing the presence of numerous mitigating factors, the panel rejects relator's proposed sanction of a one-year suspension with six months stayed on conditions, and recommends that we impose a one-year suspension, fully stayed on conditions, for Edwards's misconduct.

{¶ 4} The board amended the panel's findings of fact and conclusions of law to find that Edwards's misappropriation of funds from his client trust account involved dishonesty, fraud, deceit, or misrepresentation and therefore violated Prof.Cond.R. 8.4(c). Accordingly, the board increased the recommended sanction to a two-year suspension, fully stayed on the conditions recommended by the panel.

{¶ 5} Relator objects to the recommended sanction, arguing that Edwards's deceitful misappropriation of client funds warrants an actual suspension from the practice of law. For the reasons that follow, we overrule relator's objection, adopt the board's findings of fact and misconduct, and suspend Edwards from the practice of law for two years, all stayed on conditions.

## Misconduct

{¶ 6} Edwards, a sole practitioner with a practice consisting primarily of environmental groundwater litigation and personal-injury work, maintained a client trust account. The funds in that account consisted primarily of proceeds withheld from his clients' personal-injury settlements to cover subrogated interests in those cases. Edwards held those funds while he attempted to negotiate reductions in the subrogated claims for the benefit of his clients.

---

1. Relator withdrew an alleged violation of Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

**{¶ 7}** Between May 28, 2009, and October 15, 2010, Edwards wrote ten checks, totaling $69,500, to himself from his client trust account. The last of those checks caused his client trust account to be overdrawn by $832.34. In response to relator's letter of inquiry regarding the overdraft, Edwards admitted that he had overdrawn his trust account and also reported his misappropriation of client funds.

**{¶ 8}** Based upon this conduct, the parties stipulated and the panel found that Edwards had failed to hold client funds in an interest-bearing client trust account separate from his own property in violation of Prof.Cond.R. 1.15(a) and that he had consequently engaged in conduct adversely reflecting on his fitness to practice law in violation of Prof.Cond.R. 8.4(h). The board adopted these findings of fact and misconduct and also found that Edwards had engaged in dishonesty, fraud, deceit, or misrepresentation in violation of Prof.Cond.R. 8.4(c) as charged in the complaint. We adopt the board's findings of fact and misconduct and find that Edwards's unauthorized removal of funds from his client trust account and use of those funds for his own purposes necessarily involves dishonesty, regardless of whether he made any false representations regarding his conduct.

### Sanction

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 10}** Edwards has practiced law for more than 30 years without a disciplinary violation. *See* BCGD Proc.Reg. 10(B)(2)(a). He has fully

cooperated in relator's investigation, acknowledged the wrongful nature of his conduct, and blames no one but himself for his misconduct. *See* BCGD Proc.Reg. 10(B)(2)(d). He testified that during the 17 months that he was misappropriating funds from his client trust account, he continued to negotiate the subrogated interests of his clients and pay them as they became due. There are no allegations that he improperly delayed payment of those interests or that he failed to negotiate in good faith. There has been no harm to Edwards's clients or their subrogees— rather, it is the public perception of the profession that suffers when its members misappropriate client funds as Edwards has.

{¶ 11} Edwards has made full restitution to his trust account, making a $17,000 payment in December 2009 (before relator initiated his investigation), $15,000 in November 2010, and $37,500 in December 2010 (after relator initiated his investigation), and no clients have been harmed as a result of his misconduct. *See* BCGD Proc.Reg. 10(B)(2)(c). He has also submitted letters from a colleague, four clients, his two employees, and his pastor attesting to his good character and reputation aside from the charged misconduct. *See* BCGD Proc.Reg. 10(B)(2)(e). And Edwards has sought guidance and counsel from attorney Richard F. Swope, who has agreed to serve as his mentor.

{¶ 12} At the hearing, Edwards testified that he had separated from his wife in 2005 and that in 2009, he began loaning her money from his client trust account—$53,900 in all—to support her private-investigation business. He testified that he "felt that if [he] loaned her money, it would show her that [he] was able to provide for [his] family, and [he] would—it would be a reason for the marriage to continue." Edwards's wife did not repay the loan, and at the time of the hearing, the couple was negotiating to dissolve the marriage.

{¶ 13} After Edwards's misconduct came to light, he reached out to the Ohio Lawyers Assistance Program ("OLAP") and submitted to a detailed psychosocial assessment, in which he was diagnosed with adjustment disorder

with mixed anxiety and depressed mood. He entered into a two-year mental-health contract with OLAP on November 22, 2010, and has participated in individual counseling with Judith E. Fisher, M.S.W., L.I.S.W., since December 1, 2010.

{¶ 14} Fisher reports that Edwards became distraught after his wife and the mother of his two sons left their marriage in 2005 and that he became obsessed with winning her back and reuniting his family. When his wife encountered financial difficulties in her business, Edwards believed that she would be more inclined to return to their marriage if he provided financial assistance. Edwards was also experiencing his own financial difficulties, having advanced $200,000 of his own funds for some of his environmental cases when his clients could not afford to do so and having increased the financial support he provided to his aging parents. Fisher reports that the combination of these life events caused Edwards to become depressed, that his depressive symptoms adversely affected his judgment and behaviors, and that there is a direct causal relationship between these circumstances and his ethical lapses.

{¶ 15} Fisher indicates that Edwards has worked hard to understand how his mental issues affected his judgment and has come to realize that he must dissolve his marriage and curtail his involvement in cases that require significant outlays of his personal funds. Fisher further states that with the continued assistance of OLAP and individual counseling, Edwards is capable of competently, ethically, and professionally practicing law. Therefore, we find that Edwards's mental disability qualifies as a mitigating factor pursuant to BCGD Proc.Reg. 10(B)(2)(g).

{¶ 16} In contrast to these significant mitigating factors, the panel and board found only one aggravating factor—that Edwards engaged in a pattern of misconduct over a one-and-a-half-year period. Citing the abundance of mitigating evidence in this case and distinguishing the two cases cited by relator

on the grounds that they involved additional aggravating factors such as the respondent's lack of remorse or the presence of actual harm to clients, the panel rejected relator's proposed sanction of a one-year suspension, with six months stayed on conditions. Instead, the panel recommended that Edwards be suspended for one year, all stayed on the conditions that he remain in compliance with his OLAP contract, continue to participate in counseling with a mental-health professional, and commit no further misconduct. The board, however, recommends that we suspend Edwards for two years, all stayed on the conditions set forth by the panel.

{¶ 17} Relator objects to the board's recommended sanction, arguing that an attorney's misappropriation of funds from a client trust account warrants an actual suspension from the practice of law.

{¶ 18} We are cognizant that our precedent recognizes that the presumptive sanction for misappropriation is disbarment. *See, e.g.*, *Disciplinary Counsel v. Hunter*, 106 Ohio St.3d 418, 2005-Ohio-5411, 835 N.E.2d 707, ¶ 37. We have recognized, however, that this sanction may be tempered with sufficient evidence of mitigating or extenuating circumstances and typically impose an actual suspension from the practice of law in cases involving misappropriation, dishonesty, fraud, deceit, or misrepresentation. *See, e.g.*, *Disciplinary Counsel v. Bubna*, 116 Ohio St.3d 294, 2007-Ohio-6436, 878 N.E.2d 632 (imposing a one-year suspension with six months stayed on an attorney who commingled personal and client funds, repeatedly overdrew his client trust account, and failed to pay medical expenses from a client's settlement); *Dayton Bar Assn. v. Gerren*, 103 Ohio St.3d 21, 2004-Ohio-4110, 812 N.E.2d 1280 (imposing a six-month actual suspension on an attorney who withdrew for his own use settlement funds that had been set aside to pay his client's medical bill, the nonpayment of which resulted in a judgment against the client).

**{¶ 19}** Nonetheless, we have consistently recognized that the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public. *See, e.g.*, *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53. With that purpose in mind, and in consideration of the significant mitigating factors present in this case, we conclude that a two-year conditionally stayed suspension is the appropriate sanction for Edwards's misconduct.

**{¶ 20}** Accordingly, we overrule relator's objection, adopt the board's findings of fact and misconduct, and suspend Edwards from the practice of law in Ohio for two years, all stayed on the conditions that he extend his existing OLAP contract for an additional two years from the date of this order, continue to participate in individual counseling with a mental-health professional, comply with all recommendations of OLAP and his treating mental-health professional, and commit no further misconduct. If Edwards fails to comply with the conditions of the stay, the stay shall be lifted, and Edwards shall serve the entire two-year suspension. Costs are taxed to Edwards.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

——————————

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

William C. Mann, for respondent.

——————————