**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Miller,* **Slip Opinion No. 2017-Ohio-2821.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-2821

DISCIPLINARY COUNSEL *v.* MILLER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Miller,* **Slip Opinion No. 2017-Ohio-2821.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed one-year suspension.*

(No. 2016-1829—Submitted March 1, 2017—Decided May 17, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-023.

_____

**Per Curiam.**

{¶ 1} Respondent, J. Greg Miller, of New Philadelphia, Ohio, Attorney Registration No. 0046855, was admitted to the practice of law in Ohio in 1990. On June 29, 2016, relator, disciplinary counsel, charged Miller with professional misconduct arising from his efforts to fraudulently conceal his failure to timely record a deed, mortgage, and assignment of rents following the sale of real property.

**{¶ 2}** A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 3}** In their consent agreement, the parties stipulate that while affiliated with the law firm of Fitzpatrick, Zimmerman & Rose Co., L.P.A., Miller represented the seller in a real-estate transaction valued at approximately $2.26 million. He also oversaw the closing of the transaction as the manager of the Tuscarawas County Title Company, which was owned by his law firm.

**{¶ 4}** Miller knew that the city of New Philadelphia would have to approve the legal description for one of the tracts involved in the transaction, but he closed the deal without seeking—let alone obtaining—that approval. More than a week later, he submitted the deed-conveyance forms to the appropriate county office, but they were returned with a notation that the legal description of one tract required city approval. In the interim, he disbursed funds from the transaction to the seller, the real-estate agents, and the Tuscarawas County treasurer, but he continued to hold funds owed to the law firm and the title agency.

**{¶ 5}** On or about July 29, 2015, an attorney from Miller's firm requested copies of the recorded mortgage and assignment of rents to submit with the buyer's application to transfer a liquor license. Miller affixed a recording stamp on the first pages of the mortgage and assignment of rents to make it appear as if they had been recorded, when, in fact, they had not. Immediately after giving his colleague the falsified documents—with knowledge that they would be submitted to a government agency—Miller left for a planned vacation.

**{¶ 6}** An assistant of Miller's colleague noticed that most of the pages of the documents that Miller had provided were missing the standard time-stamped volume and page number and that the recorder's page-number notations did not match the number of pages of each document. The title company immediately sent one of its employees to the courthouse, only to discover that the deed, mortgage,

and assignment of rents had never been recorded. And in the title company's own file, an employee found slips of paper that Miller had used to alter the documents.

{¶ 7} When a member of the firm confronted Miller with this information by telephone, Miller admitted that he had cut the recording information from authentic documents, pasted it onto the documents that he should have recorded, and photocopied the altered documents to make them appear authentic. He also apologized for his misconduct. Although Miller declined the firm's request that he return from vacation to rectify his misconduct, he agreed to monitor the situation by telephone. The firm submitted the documents for approval on July 30, 2015, and they were approved and recorded on August 3, 2015.

{¶ 8} The firm terminated Miller's employment when he returned from vacation. He self-reported his dishonest behavior to relator in a September 18, 2015 letter.

{¶ 9} Miller admits that his conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The parties stipulated that a charged violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) should be dismissed.

{¶ 10} The parties agree that Miller's dishonest and selfish motive is the sole aggravating factor in this case. *See* Gov.Bar R. V(13)(B)(2). They also stipulate that relevant mitigating factors include the absence of a prior disciplinary record, Miller's timely, good-faith effort to rectify the consequences of his misconduct, his full and free disclosure to relator and his cooperative attitude

toward the disciplinary proceedings, three letters from real-estate professionals attesting to Miller's good character and reputation apart from the charged misconduct, and the termination of his employment. *See* Gov.Bar R. V(13)(C)(1), (3), (4), (5), and (6).

{¶ 11} Although we have held that when an attorney engages in a course of conduct involving dishonesty, fraud, deceit, or misrepresentation, the attorney will serve a period of actual suspension from the practice of law, *Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 658 N.E.2d 237 (1995), syllabus, the parties note that we have tempered that sanction in cases presenting an isolated incident of forgery or falsification in an otherwise unblemished career. *See*, *e.g.*, *Disciplinary Counsel v. Shaffer*, 98 Ohio St.3d 342, 2003-Ohio-1008, 785 N.E.2d 429, ¶ 11 (citing cases in which we publicly reprimanded or imposed a fully stayed suspension on attorneys who improperly notarized either one document or a small number of documents); *Dayton Bar Assn. v. Kinney*, 89 Ohio St.3d 77, 728 N.E.2d 1052 (2000) (imposing a stayed six-month suspension on an attorney who made knowingly false statements regarding the purchase price of a business on forms submitted to a government agency in connection with the liquor-permit application and transfer process); *Disciplinary Counsel v. Fumich*, 116 Ohio St.3d 257, 2007-Ohio-6040, 878 N.E.2d 6 (imposing a stayed 12-month suspension on an attorney who failed to take action on behalf of a client, fabricated a settlement offer, and paid the "settlement" with his own funds to conceal his inaction).

{¶ 12} Miller's forgery was an isolated incident that was discovered almost immediately. He promptly admitted his conduct, and there was no appreciable harm to his client or the public. Therefore, the parties stipulate that the appropriate sanction is a 12-month suspension, fully stayed on the condition that he engage in no further misconduct. The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety.

**{¶ 13}** We agree that Miller's conduct violated Prof.Cond.R. 1.1, 1.3, 8.4(b), 8.4(c), and 8.4(d) and that a 12-month suspension, fully stayed on the condition that he engage in no further misconduct, is the appropriate sanction. Therefore, we adopt the parties' consent-to-discipline agreement.

**{¶ 14}** Accordingly, J. Greg Miller is hereby suspended from the practice of law for 12 months, with the entire suspension stayed on the condition that he engage in no further misconduct. If Miller fails to comply with the condition of the stay, the stay will be lifted and he will serve the full 12-month suspension. Costs are taxed to Miller.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

O'DONNELL, J., dissents and would remand the cause to the Board of Professional Conduct to reconsider the sanction to be imposed on the respondent.

_____

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Richard C. Alkire Co. L.P.A., and Richard C. Alkire, for respondent.

_____

5