**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Heben,* **Slip Opinion No. 2017-Ohio-6965.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-6965

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* HEBEN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Heben,* Slip Opinion No. 2017-Ohio-6965.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct— Conditionally stayed one-year suspension.*

(No. 2016-1495—Submitted April 5, 2017—Decided July 27, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-061.

_____

**Per Curiam.**

{¶ 1} Respondent, Edward Joseph Heben Jr., of Cleveland, Ohio, Attorney Registration No. 0029052, was admitted to the practice of law in Ohio in 1975.

{¶ 2} In November 2015, relator, Cleveland Metropolitan Bar Association, charged him with professional misconduct in two client matters.  The parties entered into a few factual stipulations, but Heben denied that he violated any

professional-conduct rules. After a hearing, a three-member panel of the Board of Professional Conduct found that he violated Prof.Cond.R. 1.6(a) (prohibiting a lawyer from revealing confidential client information without informed consent) but dismissed all other charges against him. As a sanction, the panel recommended that we suspend Heben for one year with six months stayed on the condition that he commit no further misconduct. The board issued a report adopting the panel's findings and recommended sanction.

{¶ 3} Heben objects to the board's report, acknowledging—for the first time—that he failed to comply with Prof.Cond.R. 1.6(a) but nonetheless arguing that the board's recommended sanction is too severe and that only a public reprimand or fully stayed suspension is warranted. For the reasons explained below, we agree with the board's finding of misconduct but conclude that a fully stayed suspension is appropriate. Accordingly, we sustain Heben's objection to the recommended sanction and suspend him for one year, fully stayed on the board-recommended condition.

**Misconduct**

{¶ 4} In 2008, Heben briefly represented Jennifer Cecchini during the initial stages of her divorce case. In September 2013, the divorce proceedings were still pending, and Cecchini again requested Heben's legal assistance. Although Cecchini and Heben offered the panel different versions of what they had agreed would be the scope of his 2013 representation and how she would compensate him, the parties stipulated that (1) Cecchini paid Heben a $3,000 retainer on or about September 15, (2) he filed a notice of appearance in the divorce case on September 16, and (3) less than two weeks later, she terminated his legal services.

{¶ 5} Heben subsequently moved to withdraw as Cecchini's counsel, and with his motion, he submitted an affidavit purporting to state his reasons for seeking withdrawal. In the affidavit, he recounted communications he had had with Cecchini about the scope of his representation and his compensation, accused her

of refusing to pay his agreed-upon fees "without cause," and disclosed legal advice that he had given her. He also described Cecchini's discharge of him as "retaliatory" and alleged that it had "occurred because of [his] advice to her concerning her objectionable and potentially illegal actions" relating to her ex-husband, which he characterized as "a problem similar to the one [he] experienced in [his] previous representation of her."

{¶ 6} Upon Cecchini's motion, the judge in her divorce case struck Heben's affidavit from the record. In his testimony at the disciplinary hearing, the judge indicated that the contents of the affidavit—specifically, the disclosure of attorney-client communications—were inappropriate and not necessary for purposes of seeking withdrawal.

{¶ 7} As a result of the affidavit, relator charged Heben with violating Prof.Cond.R. 1.6(a), which prohibits a lawyer from revealing information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by Prof.Cond.R. 1.6(b) or required by Prof.Cond.R. 1.6(d). In the board proceedings, Heben argued that Prof.Cond.R. 1.6(b) permitted the disclosures in his affidavit. The board, however, correctly rejected Heben's arguments.

{¶ 8} For example, Heben cited Prof.Cond.R. 1.6(b)(5) as justification for his affidavit. Prof.Cond.R. 1.6(b)(5) permits an attorney to reveal client information reasonably necessary "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and client." Heben insisted that because Cecchini refused to pay his fees, he had a legal dispute with her. He testified that he drafted the affidavit at least in part to submit with a motion to intervene to apply for attorney fees. But as the board noted, Heben never filed a motion to intervene or a fee application. And even if Heben had established a fee dispute with his former client, the information disclosed in his affidavit went well

beyond what would have been necessary to prove that he was entitled to a certain amount of fees. Thus, we agree with the board that Prof.Cond.R. 1.6(b)(5) did not justify the client disclosures in Heben's affidavit.

**{¶ 9}** Heben also relied on Prof.Cond.R. 1.6(b)(3), which permits a lawyer to reveal confidential client information to "mitigate substantial injury to the financial interests or property of another that has resulted from the client's commission of an illegal or fraudulent act, in furtherance of which the client has used the lawyer's services." Heben argued that Prof.Cond.R. 1.6(b)(3) applied because during his representation of Cecchini, he discovered information that led him to believe that she had engaged in illegal or fraudulent acts causing financial injury to her ex-husband.

**{¶ 10}** The board correctly found, however, that Heben's vague assertions in his affidavit regarding Cecchini's "objectionable and potentially illegal actions" did nothing to mitigate financial injury to her ex-husband. And Heben failed to establish that Cecchini had used his legal services to commit fraudulent acts. As the board found, "[t]his is not a situation where a client sought and received legal advice in order to facilitate fraudulent or illegal activity." Therefore, Prof.Cond.R. 1.6(b)(3) did not apply.

**{¶ 11}** Finally, even if Heben had reasonably believed that Prof.Cond.R. 1.6(b) permitted him to disclose Cecchini's allegedly fraudulent conduct, the means by which he chose to do so were improper. The comments to Prof.Cond.R. 1.6 clarify that when a lawyer believes that disclosure of client information is necessary, the lawyer should first seek to persuade the client to take suitable action to obviate the need for the attorney's disclosure and that a disclosure adverse to the client's interest should be no greater than necessary to accomplish the purpose. Prof.Cond.R. 1.6, Comment 16. And "[i]f the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it

and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent possible." *Id.* Here, Heben failed to notify or communicate with Cecchini about the allegations in his affidavit prior to filing it, and he did not attempt to limit public access to the document.

**{¶ 12}** For these reasons, we agree with the board that Heben's disclosure of attorney-client communications and other client information in his affidavit violated Prof.Cond.R. 1.6(a).

### Sanction

**{¶ 13}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

*Aggravating and mitigating factors*

**{¶ 14}** As aggravating factors, the board found that Heben acted with a selfish motive and refused to acknowledge the wrongful nature of his conduct. *See* Gov.Bar R. V(13)(B)(2) and (7). Heben objects to the board's finding that he acted with a selfish motive because he claims that he made a good-faith effort to comply with his ethical obligations. To support this claim, he points to his hearing testimony explaining that after he discovered Cecchini's allegedly fraudulent conduct, he attempted to consult with an ethics expert, requested research from a law librarian, and conducted his own independent legal research—all in an effort to determine an appropriate course of action.

**{¶ 15}** The panel and board concluded, however, that Heben had "no legal or ethical justification for making the public disclosures" in his affidavit and that the statements about Cecchini "appear to have been motivated by a vengeful purpose owing to his displeasure at being dismissed as counsel without having been paid." At the disciplinary hearing, the panel members heard from Heben, the judge in Cecchini's divorce case, and Cecchini—who denied engaging in the allegedly

fraudulent activity and denied discussing it with Heben. The panel also reviewed a number of e-mails between Heben and Cecchini. Because the panel was in the best position to assess the believability of the witnesses, we defer to its credibility determination regarding Heben's motives. Therefore, we overrule Heben's objection to this board finding. *See Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35, ¶ 24 ("Unless the record weighs heavily against a hearing panel's findings, we defer to the panel's credibility determinations, inasmuch as the panel members saw and heard the witnesses firsthand").

**{¶ 16}** In mitigation, the board found that Heben has no prior disciplinary record, he made full and free disclosures to the board and had a cooperative attitude toward the disciplinary proceedings, and he submitted numerous letters from judges, attorneys, and laypersons attesting to his good character and reputation and his service to charities and his community. *See* Gov.Bar R. V(13)(C)(1), (4), and (5).

**{¶ 17}** We accept the board's findings of the relevant aggravating and mitigating factors, although we note that Heben has acknowledged on appeal that the contents of his affidavit, and the manner in which he filed it, were improper.

*Applicable precedent*

**{¶ 18}** As the board recognized, no prior disciplinary case is directly analogous to the circumstances here. The board primarily relied on *Akron Bar Assn. v. Holder*, 102 Ohio St.3d 307, 2004-Ohio-2835, 810 N.E.2d 426, in which an attorney impermissibly disclosed a client's secrets—specifically, the client's criminal record and other background information—to potential business associates of the client and others in an effort to prevent them from doing business with the client. The attorney in *Holder*, however, also engaged in myriad other misconduct, including groundlessly suing his client for fraud, violating conflict-of-interest rules,

6

engaging in dishonest conduct, and failing to cooperate in the ensuing disciplinary investigation. *Id.* at ¶ 26-31, 40.

{¶ 19} In determining the appropriate sanction, we noted that when a lawyer misleads a court or client, "the sanction is ordinarily an actual suspension from the practice of law for an appropriate period of time." *Id.* at ¶ 43, citing *Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 191, 658 N.E.2d 237 (1995). Considering the mitigating factors—including an absence of prior discipline after 37 years of practice, misconduct involving only one client, and remorse—we sanctioned the attorney with a 24-month suspension with 18 months conditionally stayed. *Id*. at ¶ 32, 44-45.

{¶ 20} Here, the board concluded that similar to the attorney in *Holder*, Heben disclosed information about a client that was neither required nor permitted by the Rules of Professional Conduct. But because Heben violated only one professional-conduct rule—as opposed to the multiple violations in *Holder*—and because relator presented no evidence that Heben's affidavit actually prejudiced Cecchini in her divorce proceedings, the board recommended a 12-month suspension with six months conditionally stayed.

{¶ 21} Heben objects to the recommended sanction and argues that a six-month actual suspension—which is the same actual suspension imposed on the attorney in *Holder*, despite multiple rule violations—is too severe for Heben's isolated misconduct. We agree. The attorney in *Holder* not only disclosed client confidences but also engaged in other egregious ethical infractions, including dishonesty. *Id.* at ¶ 31. Indeed, in deciding Holder's sanction, we cited the presumption that an attorney who has engaged in a course of conduct involving dishonesty, fraud, deceit, or misrepresentation will receive an actual suspension. *Id.* at ¶ 43. Heben was not charged with engaging in any dishonest or fraudulent conduct—let alone engaging in a deceptive course of conduct.

**{¶ 22}** Accordingly, a fully stayed suspension is more appropriate here. We reiterate that "[a] fundamental principle in the attorney-client relationship is that the attorney shall maintain the confidentiality of any information learned during the attorney-client relationship." *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 4, 688 N.E.2d 258 (1998). Heben violated this hallmark rule by making unauthorized disclosures about a client in a publicly filed affidavit. However, given his unblemished 41-year legal career and the other mitigating factors in this case, we are not convinced that this single incident of wrongdoing mandates an actual suspension from the practice of law. *See, e.g.*, *Disciplinary Counsel v. Miller*, ___ Ohio St.3d ___, 2017-Ohio-2821, ___ N.E.3d ___, ¶ 11 (noting that we have publicly reprimanded or imposed fully stayed suspensions on attorneys who committed isolated incidents of forgery or falsification in otherwise unblemished legal careers).

### Conclusion

**{¶ 23}** For the reasons explained above, Edward Joseph Heben Jr. is suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the condition that he commit no further misconduct. If Heben fails to comply with the condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Heben.

Judgment accordingly.

O'DONNELL, KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

O'CONNOR, C.J., and FISCHER, J., dissent, and would suspend respondent for one year with six months stayed.

_____

Squire Patton Boggs, L.L.P., Bruce A. Khula, and Dante A. Marinucci; and Heather Zirke, Bar Counsel, for relator.

Montgomery, Rennie & Jonson, L.P.A., and George D. Jonson, for respondent.

January Term, 2017

_____