**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Holmes and Kerr,* **Slip Opinion No. 2018-Ohio-4308.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4308

DISCIPLINARY COUNSEL *v.* HOLMES AND KERR.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Holmes and Kerr,* Slip Opinion No. 2018-Ohio-4308.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including revealing information relating to the representation of a client— Six-month stayed suspension.*

(No. 2018-0818—Submitted June 26, 2018—Decided October 25, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-070.

_____

**Per Curiam.**

{¶ 1} Respondent Thomas Charles Holmes of Aurora, Ohio, Attorney Registration No. 0073794, was admitted to the practice of law in Ohio in 2001. Respondent Ashleigh Brie Kerr of Aurora, Ohio, Attorney Registration No. 0085992, was admitted to the practice of law in Ohio in 2010.

**{¶ 2}** In December 2017, relator, disciplinary counsel, charged Holmes and Kerr with violating the professional-conduct rules for improperly disclosing confidential client information. The Board of Professional Conduct considered the case on the parties' consent-to-discipline agreements. *See* Gov.Bar R. V(16).

**{¶ 3}** In their agreements, Holmes and Kerr stipulated that after meeting at a conference in November 2014, they commenced a personal relationship. At the time, they each primarily represented public school districts in their respective law practices. Between January 2015 and November 2016, they exchanged more than a dozen e-mails in which they revealed client information to each other, including information protected by the work-product doctrine or the attorney-client privilege, although they were not employed by the same law firm and did not jointly represent any clients. In general, Kerr forwarded to Holmes e-mails from her clients requesting legal documents. In response, Holmes forwarded to Kerr e-mails that he had exchanged with his clients which included similar documents he had prepared for them. Holmes and Kerr stipulated that in about one-third of these e-mail exchanges, Holmes had ultimately completed Kerr's work for her.

**{¶ 4}** In June 2016, Holmes's law firm discovered that he had disclosed confidential client information to Kerr and, as a result, removed him from the firm. A partner in Holmes's former law firm also filed a grievance against him, and the law firm's counsel notified Kerr's employer of the e-mail exchanges. Kerr consequently admitted to the partners of her firm that she and Holmes had exchanged client information and that he had assisted her with her work.

**{¶ 5}** Notwithstanding relator's commencement of an investigation, Kerr continued to send confidential client information to Holmes and he continued to assist her in preparing legal documents for her clients. In November 2016, Kerr resigned from her law firm.

**{¶ 6}** Based on this conduct, the parties stipulated that Holmes and Kerr violated Prof.Cond.R. 1.6(a) (prohibiting a lawyer from revealing information

relating to the representation of a client, with exceptions not relevant here) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). As aggravating factors, the parties agreed that Holmes and Kerr each engaged in a pattern of misconduct. *See* Gov.Bar R. V(13)(B)(3). The stipulated mitigating factors were both attorneys' absence of prior discipline, cooperative attitudes toward the disciplinary proceedings, and evidence of good character.

{¶ 7} In recommending a sanction, the parties agreed that Holmes's and Kerr's misconduct fell somewhere between the attorney misconduct in *Cleveland Metro. Bar Assn. v. Heben*, 150 Ohio St.3d 335, 2017-Ohio-6965, 81 N.E.3d 469, and *Disciplinary Counsel v. Shaver*, 121 Ohio St.3d 393, 2009-Ohio-1385, 904 N.E.2d 883. In *Heben*, we imposed a stayed one-year suspension on an attorney who unnecessarily revealed attorney-client communications in a motion to withdraw as counsel—apparently in retaliation for the client's terminating him without full payment. In *Shaver*, we publicly reprimanded an attorney who left about 20 boxes containing confidential client files outside a dumpster near his former office.

{¶ 8} The parties here stipulated that Holmes's and Kerr's misconduct was less egregious than the misconduct in *Heben* because that attorney had disclosed damaging client information in a publicly filed document. However, the parties also noted that unlike the isolated incident of failing to protect the confidentiality of client files in *Shaver*, Holmes and Kerr engaged in a pattern of improper disclosures over an almost two-year period. The parties therefore recommended a stayed six-month suspension.

{¶ 9} The board concluded that the consent-to-discipline agreements conform to the requirements of Gov.Bar R. V(16) and recommends that we adopt the agreements. Regarding the Prof.Cond.R. 8.4(h) violation, the board specifically found that because Holmes and Kerr had improperly disclosed confidential client

information over an almost two-year period, their conduct was sufficiently egregious to constitute a separate violation of that rule. *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500. To support the recommended sanction, the board cited two cases in which we publicly reprimanded attorneys who had engaged in single incidents of improperly revealing client confidences. *See Geauga Cty. Bar Assn. v. Psenicka*, 62 Ohio St.3d 35, 577 N.E.2d 1074 (1991); *Disciplinary Counsel v. Yurich*, 78 Ohio St.3d 315, 677 N.E.2d 1190 (1997). Because Holmes and Kerr had disclosed multiple client confidences over an extended period of time—and because they continued to engage in the misconduct after their law firms had discovered their actions—the board concluded that a more severe sanction was required here than in *Psenicka* and *Yurich*. However, because there was no evidence that Holmes's and Kerr's misconduct had harmed their clients and because they both have clean disciplinary records, the board also determined that an actual suspension was not warranted.

{¶ 10} We agree that Holmes and Kerr engaged in the stipulated misconduct and that based on our precedent, a stayed six-month suspension is appropriate. We therefore adopt the parties' consent-to-discipline agreements.

{¶ 11} Thomas Charles Holmes and Ashleigh Brie Kerr are hereby suspended from the practice of law for six months, all stayed on the condition that they engage in no further misconduct. If either Holmes or Kerr engages in further misconduct, the stay of his or her suspension will be lifted and he or she will serve the full six-month suspension.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEGENARO, JJ., concur.

DEWINE, J., not participating.

_____

Scott J. Drexel, Disciplinary Counsel, and Jennifer Bondurant, Assistant Disciplinary Counsel, for relator.

Jonathan E. Coughlan, for respondent Thomas Charles Holmes.

Montgomery, Rennie & Jonson, L.P.A., and George D. Jonson, for respondent Ashleigh Brie Kerr.

_____