**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Farris,* **Slip Opinion No. 2019-Ohio-4810.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4810

DISCIPLINARY COUNSEL *v.* FARRIS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Farris,* Slip Opinion No. 2019-Ohio-4810.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Conditionally stayed one-year suspension.*

(No. 2019-0812—Submitted August 6, 2019—Decided November 26, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-064.

_____

**Per Curiam.**

{¶ 1} Respondent, Vincent George Farris, of Cuyahoga Falls, Ohio, Attorney Registration No. 0062609, was admitted to the practice of law in Ohio in 1993.

**{¶ 2}** In November 2018, relator, disciplinary counsel, charged Farris with neglecting a client matter and then lying to his clients in an effort to conceal his neglect. The parties stipulated to some of the charged misconduct and jointly recommended that Farris serve a conditionally stayed one-year suspension. After a hearing, the Board of Professional Conduct issued a report finding that Farris engaged in the stipulated misconduct and recommending that we dismiss one alleged rule violation and impose a conditionally stayed one-year suspension. Neither party has objected to the board's report.

**{¶ 3}** Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

## Misconduct

**{¶ 4}** In February 2012, Euclid Beach, L.P.—the owner and operator of a Cleveland mobile-home park—and its property manager, Michelle Orndoff, retained Farris to represent Euclid Beach in evictions and other matters. About one year later, Euclid Beach requested that Farris file a complaint with the Cuyahoga County Board of Revision to contest the taxable value of its property for tax year 2012. Although Farris prepared and signed a complaint, he failed to file it by the March 31, 2013 statutory filing deadline. Nonetheless, in an April 2013 e-mail to Euclid Beach and Orndoff, Farris implied that he had filed the complaint and wrote, "I will let you know when [a] hearing is scheduled." Farris continued to conceal his neglect from his clients for the following year.

**{¶ 5}** On March 3, 2014, Farris sent an e-mail to Euclid Beach and Orndoff stating that they needed to "re-file [the] Board of Revision tax appeal" by a March 31, 2014 deadline. He also recommended that Euclid Beach obtain an appraisal of the property. Farris, however, did not file the complaint by the March 31 deadline. On April 7, 2014, Euclid Beach and Orndoff provided Farris with the requested appraisal. Farris thereafter submitted the complaint to the board of revision, which later notified Euclid Beach that its complaint was received after the statutory

deadline. According to Farris, he then advised Euclid Beach and Orndoff that he had also failed to timely file the complaint for tax year 2012.

{¶ 6} In September 2014, Euclid Beach filed a legal-malpractice action against Farris. In his defense, Farris had initially taken the position that he had no duty to file the complaints because Euclid Beach had neither paid his retainer nor timely submitted to him the requested appraisal of the property and other documents. Farris later acknowledged, however, that his initial position was incorrect, and he agreed to a June 2015 entry of judgment in favor of Euclid Beach in the amount of $95,000.

{¶ 7} By the date of his disciplinary hearing, Farris had paid approximately $40,000 toward the judgment. He testified that he pays $1,000 each month toward the judgment and has not missed any payments. As part of his disciplinary sanction, he agreed to pay the entire judgment within two years of our final order in this case. In his testimony, Farris also accepted responsibility for his actions and explained that he had lied to his clients out of fear and embarrassment.

{¶ 8} Based on this conduct, the parties stipulated and the board found that Farris violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 9} We agree with the board's findings of misconduct. We also agree to dismiss the other alleged rule violation for lack of sufficient evidence.

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 11}** As aggravating factors, the board found that Farris committed multiple offenses and caused harm to his clients. *See* Gov.Bar R. V(13)(B)(4) and (8). In mitigation, the board concluded that Farris has no prior disciplinary offenses, made full and free disclosures to the board and had a cooperative attitude toward the disciplinary proceedings, and submitted evidence of his good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (4), and (5). The board also noted that Farris acknowledged the wrongful nature of his conduct and has been making regular monthly payments toward the judgment against him.

**{¶ 12}** To support its recommended sanction, the board cited several cases with comparable misconduct, including *Disciplinary Counsel v. Pfundstein*, 128 Ohio St.3d 61, 2010-Ohio-6150, 941 N.E.2d 1180, *Toledo Bar Assn. v. Crosser*, 147 Ohio St.3d 499, 2016-Ohio-8257, 67 N.E.3d 789, and *Disciplinary Counsel v. Miller*, 149 Ohio St.3d 731, 2017-Ohio-2821, 77 N.E.3d 979.

**{¶ 13}** In *Pfundstein*, an attorney neglected two matters for the same client and then repeatedly lied to the client about the status of those cases to conceal his neglect. We explained that " '[d]ishonest conduct on the part of an attorney generally warrants an actual suspension from the practice of law' " (brackets sic), *Pfundstein* at ¶ 25, quoting *Disciplinary Counsel v. Rooney*, 110 Ohio St.3d 349, 2006-Ohio-4576, 853 N.E.2d 663, ¶ 12, but significant mitigating evidence "can justify imposing a lesser sanction," *id*. Considering the mitigating evidence of a clean disciplinary record, cooperation in the disciplinary process, acknowledgement of wrongdoing, evidence of good character and reputation, a qualifying mental disability, and lack of harm to the client, we imposed a conditionally stayed one-year suspension.

**{¶ 14}** In *Crosser*, an attorney failed to file a change-of-custody motion for a pair of clients and to cover up for her neglect, made a series of misrepresentations to those clients. After the clients discovered the attorney's deceit and terminated her representation, the attorney failed to promptly refund their retainer. We again

noted that "misconduct involving dishonesty 'usually requires an actual suspension from the practice of law' but that 'an abundance of mitigating evidence can justify a lesser sanction.' " *Crosser* at ¶ 11, quoting *Disciplinary Counsel v. Fumich*, 116 Ohio St.3d 257, 2007-Ohio-6040, 878 N.E.2d 6, ¶ 15. Although the attorney had a prior attorney-registration suspension, she otherwise submitted significant mitigating evidence, including that she eventually made full restitution to her clients, cooperated in the disciplinary process, demonstrated good character and reputation, accepted responsibility for her actions, and did not cause any harm to her clients. We also accepted that she lacked a selfish motive, based on her testimony that she had lied to her client out of embarrassment for her misconduct. We imposed a conditionally stayed one-year suspension.

{¶ 15} Finally, in *Miller*, 149 Ohio St.3d 731, 2017-Ohio-2821, 77 N.E.3d 979, an attorney failed to record documents relating to a real-estate transaction and then engaged in fraudulent efforts to conceal his misconduct. The record included the presence of one aggravating factor—the attorney's dishonest and selfish motive—and several mitigating factors, including the attorney's clean disciplinary record, his good-faith effort to rectify the consequences of his misconduct, his cooperation in the disciplinary process, evidence of good character and reputation, and the fact that he was terminated from his employment for the same misconduct. We observed that although an attorney's conduct involving dishonesty will generally result in an actual suspension from the practice of law, "we have tempered that sanction in cases presenting an isolated incident of forgery or falsification in an otherwise unblemished career." *Id.* at ¶ 11. Given that the attorney's forgery was an isolated incident and the other mitigating evidence, we imposed a conditionally stayed one-year suspension.

{¶ 16} Here, the board considered Farris's dishonesty as an isolated incident because his misrepresentations were made in the context of representing a single client. The board also concluded that the mitigating evidence—including

Farris's lack of discipline over his 25-year legal career, his acceptance of responsibility for his actions, that he entered into a consent judgment in the malpractice action and has consistently been paying restitution, the letters and witness testimony regarding his reputation, and that he did not personally benefit from his misconduct—weighed in favor of a one-year suspension, stayed in its entirety on conditions.

{¶ 17} "[W]e have consistently recognized that the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public." *Disciplinary Counsel v. Edwards,* 134 Ohio St.3d 271, 2012-Ohio-5643, 981 N.E.2d 857, ¶ 19, citing *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53. With that purpose in mind, we accept the board's recommended sanction. The misconduct and the balance of mitigating and aggravating factors here are comparable to those in *Crosser*, *Pfundstein*, and *Miller*, and therefore a similar sanction is warranted.

### Conclusion

{¶ 18} For the reasons explained above, Vincent George Farris is hereby suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that he (1) within two years of this court's disciplinary order, submit proof to relator that he has satisfied the stipulated judgment in favor of Euclid Beach, L.P., in Cuyahoga County Court of Common Pleas case No. CV-14-833191 and (2) refrain from any further misconduct. If Farris violates either condition of the stay, the stay will be lifted and he will serve the entire one-year suspension. Costs are taxed to Farris.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph Caligiuri, Disciplinary Counsel, for relator.

Maro & Schoenike Co. and Lynn A. Maro, for respondent.

_____