OFFICE OF DISCIPLINARY COUNSEL *v.* GRIMES.

[Cite as *Disciplinary Counsel v. Grimes* (1993), 66 Ohio St.3d 607.]

(No. 93-455—Submitted April 6, 1993—Decided July 7, 1993.)

608

609

*J. Warren Bettis,* Disciplinary Counsel, and *Dianna L. Chesley,* Assistant Disciplinary Counsel, for relator.

*Mark H. Aultman,* for respondent.

*Per Curiam.* We find that respondent committed the misconduct found by the board and concur with its recommendation. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

PFEIFER, J., dissenting. I would dismiss the complaint against the respondent. The conduct at issue was not only out of character but was also inconsequential.

Regarding Count I of the complaint, which of us who have ever practiced law has not muttered a choice epithet about our favorite judge? More important, which of us who are judges has not done something to earn an occasional raspberry? It is obvious in this case that the respondent did not expect his mild outburst to be quoted in the newspaper. Respondent self-administered the appropriate disciplinary measure by publicly apologizing to Judge Heydinger.

Speaking of judges earning epithets, Judge Ridge baited the respondent into making the comments that were the basis of Count II of the complaint. Judge Ridge's actions and comments were outrageous and precipitated respondent's barbed response. If anyone were to be reprimanded based upon the facts in Count II, it ought to have been Judge Ridge.

Finally, I am always concerned to see a lawyer reprimanded for his speech. Our legal system relies upon vigorous advocacy, which occasionally leads to spirited interplay between lawyers and judges. We ought not rule in a way that may affect that friction