**[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 77.]**

**DAYTON BAR ASSOCIATION *v*. KINNEY.**

**[Cite as *Dayton Bar Assn. v. Kinney*, 2000-Ohio-445.]**

*Attorneys at law—Misconduct—Six-month suspension with entire suspension stayed—Knowingly making a false statement of law or fact—Counseling or assisting client in conduct lawyer knows to be illegal or fraudulent—Concealing or knowingly failing to disclose that which a lawyer is required by law to reveal—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in illegal conduct involving moral turpitude—Violating the Discipline Rules.*

(No. 99-2238—Submitted February 9, 2000—Decided May 24, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-79.

_____

{¶ 1} Respondent, Winfield E. Kinney III of Dayton, Ohio, Attorney Registration No. 0002995, representing a client, prepared the documents necessary for the sale of a bar in downtown Dayton, Ohio. Among the documents were forms required by the Ohio Department of Commerce, Liquor Control Division, as part of the liquor permit application and transfer process. On those documents respondent represented that the purchase price for the establishment was $125,000, when respondent knew that the purchase price was actually $200,000.

{¶ 2} On September 22, 1998, relator, Dayton Bar Association, filed a complaint against respondent, charging that respondent had violated DR 7-102(A)(5) (a lawyer shall not knowingly make a false statement of law or fact), 7-102(A)(7) (counseling or assisting a client in conduct the lawyer knows to be illegal or fraudulent), 7-102(A)(3) (concealing or knowingly failing to disclose that which a lawyer is required by law to reveal), 1-102(A)(4) (engaging in conduct involving

dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), and 1-102(A)(1) (violating the Disciplinary Rules). Respondent admitted the facts alleged in the complaint in his answer. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter.

{¶ 3} The panel found the facts as alleged in the complaint. The panel also found that respondent's action was an isolated incident in an otherwise unblemished, lengthy legal career, and that his action did not result in any benefit that would not have occurred absent his transgression. Based on these facts, the panel concluded that respondent committed all six of the charged disciplinary violations and recommended that he receive a six-month suspension with the entire suspension stayed. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Mark A. Tuss*, for relator.
*Leo F. Krebs*, for respondent.

_____

***Per Curiam.***

{¶ 4} We adopt the findings and conclusions of the board. In the past, we have held that an attorney who violates DR 1-102(A)(4) will actually be suspended from the practice of law for an appropriate period of time. *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240. However, we have also held that mitigating factors will warrant a lesser sanction in appropriate cases. *Disciplinary Counsel v. Eisenberg* (1998), 81 Ohio St.3d 295, 296, 690 N.E.2d 1282, 1283. In light of the fact that respondent's action was an isolated incident and the outcome of his representation would not have changed absent the misconduct, we adopt the recommendation of the board. Accordingly, respondent

is hereby suspended from the practice of law for six months, with the entire suspension stayed.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————