DISCIPLINARY COUNSEL *v.* PROCTOR.

[Cite as *Disciplinary Counsel v. Proctor,* 131 Ohio St.3d 215, 2012-Ohio-684.]

*Attorney misconduct, including knowingly or recklessly making false statements concerning the integrity of a judicial officer—Six-month suspension.*

(No. 2011-0295—Submitted September 6, 2011—Decided February 23, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-059.

_____

**Per Curiam**.

{¶ 1} Respondent, Philip Lucas Proctor of Newark, Ohio, Attorney Registration No. 0041956, was admitted to the practice of law in Ohio in 1989.

{¶ 2} In a complaint filed on August 17, 2009, relator, disciplinary counsel, alleged that Proctor had violated multiple provisions of the Ohio Rules of Professional Conduct and the Supreme Court Rules for the Government of the Bar in Ohio by making allegations of impropriety against his opposing counsel and the trial judge either while knowing the allegations to be false or with reckless disregard of their truth or falsity.

{¶ 3} The parties submitted stipulated exhibits and findings of fact in which Proctor admitted that he had engaged in undignified or discourteous conduct that was degrading to a tribunal, had made statements concerning the qualifications or integrity of a judicial officer either while knowing them to be false or with reckless disregard of their truth or falsity, and had failed to maintain a respectful attitude toward the courts. Relator withdrew three alleged rule violations, and the parties agreed that a six-month stayed suspension was the appropriate sanction for Proctor's misconduct.

**{¶ 4}** The panel and board adopted many of the parties' stipulated findings of fact and all of the stipulated findings of misconduct. Although they adopted the stipulated mitigating factors, they also found that several aggravating factors were present. Citing those aggravating factors and *Disciplinary Counsel v. Gardner*, 99 Ohio St.3d 416, 2003-Ohio-4048, 793 N.E.2d 425, the panel and board recommend that Proctor serve an actual six-month suspension from the practice of law in Ohio.

**{¶ 5}** Proctor objects to the board's findings of fact and recommended sanction, arguing that the two motions to dismiss that he filed should have been considered by the entire board and granted, and that *Gardner* does not mandate the imposition of an actual suspension under the facts of this case. We overrule Proctor's objections and adopt the board's findings of fact and misconduct and its recommended sanction.

### Misconduct

**{¶ 6}** In 2002, Proctor filed a lawsuit on behalf of Julie Peterman in the Delaware County Court of Common Pleas. Proctor withdrew as counsel in 2003, and the following month, Peterman dismissed the action without prejudice. Thereafter, counsel for the defendants in that action moved the court for attorney fees. Judge W. Duncan Whitney granted the motion in 2005 and ordered Proctor and Peterman, jointly and severally, to pay the defendants $31,995.90. Proctor paid approximately $26,000 of that judgment.

**{¶ 7}** Proctor moved the court to vacate the judgment pursuant to Civ.R. 60(B), and the trial judge recused himself and transferred the case to Judge Everett Krueger, who overruled the motion. Proctor's request for findings of fact and conclusions of law was denied. In a supplemental request regarding his motion for findings of fact and conclusions of law filed on October 18, 2007, Proctor alleged that Judge Whitney harbored a bias against him and had engaged in ex parte communications with opposing counsel in the case and then had "gone

to great effort to cover this up and/or deny that these things happened." Proctor reiterated these accusations in his appellate brief when he challenged the denial of his motion to vacate and for relief from judgment. When Proctor made these allegations, he did not have a reasonable belief that they were true, and therefore he has stipulated that the allegations were recklessly made.

{¶ 8} Based upon these findings, the panel and board found that Proctor had violated Prof.Cond.R. 3.5(a)(6) (prohibiting a lawyer from engaging in undignified or discourteous conduct that is degrading to a tribunal) and 8.2(a) (prohibiting a lawyer from knowingly or recklessly making false statements concerning the integrity of a judicial officer) and Gov.Bar R. IV(2) (requiring a lawyer to maintain a respectful attitude toward the courts).

### Recommended Sanction

{¶ 9} In recommending a sanction, the panel and board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *See Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.

{¶ 10} The parties have stipulated to the following mitigating factors: Proctor does not have a prior disciplinary record, he fully and freely disclosed information and cooperated with the disciplinary proceedings, and he paid $26,000 pursuant to the judgment for attorney fees in the underlying litigation. *See* BCGD Proc.Reg. 10(B)(2)(a), (d), and (f). They also stipulated that the appropriate sanction for Proctor's misconduct is a six-month stayed suspension.

{¶ 11} The board adopted the parties' stipulations regarding mitigation but pointed out that Proctor's $26,000 sanction was the impetus for, rather than the result of, the conduct charged in this case. It also found that Proctor's pattern of misconduct involving multiple offenses and his continued claims that he had a reasonable belief to support the allegations he had made against Judge Whitney, despite his stipulations to the contrary, were aggravating factors. *See* BCGD

Proc.Reg. 10(B)(1)(c), (d), and (g). Citing these aggravating factors and the six-month actual suspension we imposed for comparable misconduct in *Disciplinary Counsel v. Gardner*, 99 Ohio St.3d 416, 2003-Ohio-4048, 793 N.E.2d 425, the board concluded that a six-month actual suspension was the appropriate sanction for Proctor's misconduct.

### Proctor's Objections

{¶ 12} Proctor objects to the board's findings of fact and misconduct, as well as its recommended sanction. In his first objection, he argues that the full board should have considered his two motions to dismiss relator's complaint after they were overruled by the panel chair. In his first motion to dismiss, Proctor argued that he should not be punished for the allegations he made against Judge Whitney, because Prof.Cond.R. 8.3 and 3.3 required him to report potential judicial misconduct to an appropriate authority. He renews this argument in his second objection and urges us to adopt the judgmental-immunity doctrine to protect him from the consequences of what he claims was required reporting of judicial misconduct. And in his second motion to dismiss, Proctor argued that because he had consulted with an assistant disciplinary counsel prior to making the allegations against Judge Whitney, relator's continued prosecution of the complaint violated his right to due process. Proctor renews this argument in his third objection.

{¶ 13} At his disciplinary hearing and again at oral argument, Proctor denied having any intent to disavow the stipulations he entered in this case. Indeed, during oral argument, Proctor's counsel admitted that the single issue before this court is the board's rejection of the stipulated sanction of a six-month stayed suspension in favor of a six-month actual suspension. Therefore, we decline to address Proctor's first three objections to the board's report, which would require this court to disregard Proctor's stipulations of fact and misconduct and consider whether he had a reasonable belief that the statements in his

supplemental request regarding his motion for findings of fact and conclusions of law and in his appellate brief were true. Furthermore, we adopt the board's findings of fact and misconduct, which are based upon the parties' stipulations and are amply supported by the record.

{¶ 14} In his fourth objection, Proctor argues that his conduct is less egregious than that of Gardner and that this court should therefore reject the board's recommendation of an actual suspension from the practice of law in favor of the parties' stipulated sanction of a six-month stayed suspension.

{¶ 15} In *Gardner*, we recognized that ethical rules prohibiting false statements impugning the integrity of judges are necessary " 'to preserve public confidence in the fairness and impartiality of our system of justice.' " 99 Ohio St.3d 416, 2003-Ohio-4048, 793 N.E.2d 425, ¶ 29, quoting *Standing Commt. on Discipline of the United States Dist. Court for the Cent. Dist. of California v. Yagman*, 55 F.3d 1430, 1437 (9th Cir.1995). To further that compelling interest, we adopted an objective standard to determine whether a lawyer's statement about a judicial officer was made with knowledge of or in reckless disregard of its falsity, and we therefore held that "an attorney may be sanctioned for making accusations of judicial impropriety that a reasonable attorney would believe are false." *Gardner* at ¶ 31.

{¶ 16} Gardner's misconduct consisted of a diatribe in a motion for reconsideration filed with the appellate court that had affirmed his client's criminal conviction. *Gardner* at ¶ 3. In that document, Gardner made reckless and unfounded accusations that the court was biased and corrupt. Id. at ¶ 33-34. Gardner had no record of prior discipline, apologized for the manner in which he had expressed his frustration with the appellate court's ruling, and acknowledged that his motion was neither appropriate nor professional. Id. at ¶ 11.

{¶ 17} The parties recommended that Gardner be publicly reprimanded for his misconduct, and the panel adopted that recommendation. Id. at ¶ 12. The

board, however, citing Gardner's " 'outrageous behavior toward a tribunal,' " recommended a six-month stayed suspension. Id. But stating that "[u]nfounded attacks against the integrity of the judiciary require an actual suspension from the practice of law," we imposed a six-month actual suspension from the practice of law. Id. at ¶ 36.

{¶ 18} We have similarly held that attorneys who engage in a course of conduct involving dishonesty, fraud, deceit, or misrepresentation will be actually suspended from the practice of law for an appropriate period of time. *Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 191, 658 N.E.2d 237 (1995). But we have treated our pronouncement in *Fowerbaugh* as a presumptive sanction and have not hesitated to impose lesser sanctions in the presence of significant mitigating evidence. *See, e.g., Disciplinary Counsel v. Carroll*, 106 Ohio St.3d 84, 2005-Ohio-3805, 831 N.E.2d 1000, ¶ 13; *Dayton Bar Assn. v. Kinney*, 89 Ohio St.3d 77, 728 N.E.2d 1052 (2000). And despite our proclamation that "[u]nfounded attacks against the integrity of the judiciary require an actual suspension from the practice of law," *Gardner,* 99 Ohio St.3d 416, 2003-Ohio-4048, 793 N.E.2d 425, at ¶ 36, we have previously imposed lesser sanctions for attorneys who have knowingly or recklessly impugned the integrity of the judiciary when sufficient mitigating factors are present. *See, e.g., Akron Bar Assn. v. DiCato*, 130 Ohio St.3d 394, 2011-Ohio-5796, 958 N.E.2d 938 (six-month stayed suspension imposed on an attorney who made a false statement impugning the integrity of a judge during a telephone conversation with the judge's bailiff, when mitigating factors included the absence of a prior disciplinary record and cooperation with the disciplinary investigation, as well as the attorney's apology and guilty plea to related contempt charges).

{¶ 19} In this case, however, the board found that the two aggravating factors—Proctor's making recklessly false statements impugning the integrity of a judicial officer in at least two court filings and his refusal to acknowledge the

wrongful nature of his conduct, as demonstrated by his repeated efforts to undermine his own stipulations with claims that he had reason to believe that the allegations were true—outweighed the mitigating factors. We agree and find that Proctor's conduct is comparable to that in *Gardner* and more serious than that in *DiCato*. Therefore, we adopt the board's recommended sanction of a six-month suspension from the practice of law.

{¶ 20} Accordingly, Philip Lucas Proctor is suspended from the practice of law in Ohio for six months. Costs are taxed to Proctor.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

LUNDBERG STRATTON, J., dissents and would impose a 12-month stayed suspension.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

James S. Adray, for respondent.

_____