[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Davis*, Slip Opinion No. 2022-Ohio-1286.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1286

COLUMBUS BAR ASSOCIATION *v.* DAVIS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Davis*, Slip Opinion No. 2022-Ohio-1286.]

*Attorneys at law—Misconduct—Violations of the Rules of Professional Conduct—Conditionally stayed one-year suspension and order to pay restitution.*

(No. 2021-1516—Submitted January 25, 2022—Decided April 20, 2022.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2021-003.

_____

**Per Curiam.**

{¶ 1} Respondent, Wesley Robert Davis, of Brice, Ohio, Attorney Registration No. 0076727, was admitted to the practice of law in Ohio in 2003.

{¶ 2} In a February 2021 complaint, relator, Columbus Bar Association, charged Davis with two counts of misconduct arising from his representation of a single client. Relator later amended its complaint to add a third count alleging that

Davis had failed to cooperate in the investigation of a second grievance. The parties submitted stipulations of fact and misconduct regarding those three counts and a fourth count arising from Davis's representation of the second client. During a hearing before a three-member panel of the Board of Professional Conduct, Davis consented to the filing of a second amended complaint, which added a fourth count to conform to the stipulations.

{¶ 3} After the hearing, the panel issued a report finding that Davis had committed the stipulated misconduct, with the exception of three alleged violations that it dismissed based on insufficient evidence. The panel recommended that we impose a one-year conditionally stayed suspension for Davis's misconduct. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. The parties have jointly waived objections.

{¶ 4} After a thorough review of the record and our precedent, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

*Count One—The Fish Dissolution*

{¶ 5} In August 2018, Charmaign Fish retained Davis to represent her in the dissolution of her marriage and paid him a flat fee of $1,500. Davis did not file the dissolution until July 10, 2019. The following month, Fish reviewed the online court docket and noticed that her case had not progressed. She contacted Davis, who told her that the court was waiting for him to file additional financial documents. In early September 2019, Fish unsuccessfully attempted to reach Davis by telephone and email regarding the status of her case. Her husband informed her—and Davis later confirmed—that the court was again waiting for Davis to file additional paperwork. However, Davis did not timely file that paperwork, and on October 9, 2019, the court dismissed Fish's case.

{¶ 6} Davis initially assured Fish that he would get the case reinstated, though he later informed her that she and her husband would need to sign some

2

paperwork so that he could refile the case. However, Davis stopped taking Fish's telephone calls and did not send her the required documents until October 31. Fish returned the signed documents to Davis on November 4. On November 6, Fish asked Davis to confirm that he had received the documents. He confirmed that he had, and he told Fish that he would file them and update her on her case as soon as possible. Fish continued to monitor the matter online, and after several of her attempted communications with Davis went unanswered, Davis informed her that he had mailed the documents to the court on January 13, 2020.

{¶ 7} When Fish contacted the court on January 28, she was informed that no additional paperwork had been submitted. She continued to reach out to Davis, and on March 11, he responded with a promise that the paperwork would soon be submitted to the court. When nothing had been done by April 6, Fish filed a grievance with relator.

{¶ 8} The parties stipulated and the board found that Davis's conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client).

*Count Two—Improper Notarization of Fish Affidavits*

{¶ 9} Davis has admitted that he forged the signatures of Fish and her husband on their financial-disclosure affidavits, falsely notarized those documents, and then filed those affidavits with the court. Based on that conduct, the parties stipulated and the board found that Davis violated Prof.Cond.R. 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 3.3(a)(3) (prohibiting a lawyer from knowingly offering evidence that the

lawyer knows to be false), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

*Count Three—Failure to Cooperate in Disciplinary Investigation*

{¶ 10} In March 2021—during the pendency of this disciplinary case—relator received a grievance from attorney Thomas McCash on behalf of his client (and Davis's former client) George Mangeni. The following day, relator sent Davis a letter of inquiry requesting a response within ten days. Although Davis requested and received an extension of time to respond, he did not timely submit his response, and he failed to respond to several other communications from relator. Approximately one month after relator's first letter of inquiry, relator received a response from Davis.

{¶ 11} After Davis failed to comply with relator's request for additional information, relator caused the board's director to issue a subpoena duces tecum. Although Davis told relator he would provide the requested information, he never complied with the subpoena. Davis stipulated and the board found that his conduct violated Gov.Bar R. V(9)(G) and Prof.Cond.R. 8.1(b) (both rules requiring a lawyer to cooperate with a disciplinary investigation).

*Count Four—The Mangeni Case*

{¶ 12} Mangeni hired Davis to represent him in a child-custody matter. Davis filed a motion to modify Mangeni's parenting agreement. At some point, Davis reached an agreement with the guardian ad litem and counsel for Mangeni's ex-wife and agreed to prepare an entry memorializing that agreement for submission to the court. Mangeni was never informed of the details of that agreement. Davis never prepared an agreed entry for filing, and the court dismissed the case. Davis stopped communicating with Mangeni and did not keep him

4

apprised of the status of his case. Consequently, Mangeni retained new counsel to pursue modification of his parenting agreement.

{¶ 13} The parties stipulated and the board found that Davis's conduct in the Mangeni matter violated Prof.Cond.R. 1.1, 1.3, 1.4(a)(2), 1.4(a)(3), and 1.4(a)(4).

## Sanction

{¶ 14} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 15} Here, Davis failed to diligently and competently represent two clients, falsely notarized and then filed two affidavits, and initially failed to cooperate in the investigation of one of the two grievances. As aggravating factors, the board found that Davis acted with a dishonest or selfish motive, engaged in a pattern of misconduct, committed multiple offenses, and exhibited a lack of cooperation in the disciplinary process. *See* Gov.Bar R. V(13)(B)(2), (3), (4), and (5). The board found that just one mitigating factor was present—the absence of prior discipline. *See* Gov.Bar R. V(13)(C)(1). The board also noted that Davis eventually cooperated in the disciplinary proceedings by stipulating to all the alleged misconduct and relator's exhibits, fully cooperating at the hearing, and joining the relator in a posthearing brief.

{¶ 16} The board recommends that we impose a one-year conditionally stayed suspension for Davis's misconduct. To support that recommendation, the board cites several cases in which we have imposed public reprimands or fully stayed suspensions for misconduct comparable to several discrete elements of Davis's misconduct.

{¶ 17} For example, the board cites three cases in which we adopted consent-to-discipline agreements and publicly reprimanded attorneys who failed to

effectively communicate with and diligently represent single clients. *See Warren Cty. Bar Assn. v. Alexander*, 161 Ohio St.3d 1441, 2021-Ohio-375, 162 N.E.3d 827; *Warren Cty. Bar Assn. v. Elter*, 161 Ohio St.3d 1442, 2021-Ohio-375, 162 N.E.3d 830; *Disciplinary Counsel v. Gibbons and Jenkins*, 158 Ohio St.3d 1524, 2020-Ohio-3018, 145 N.E.3d 318. However, the board determined that a greater sanction is warranted in this case because Davis also falsely notarized the Fish affidavits and failed to cooperate in the Mangeni investigation.

{¶ 18} The board also found that Davis's conduct was comparable to the misconduct at issue in *Columbus Bar Assn. v. Chodosh*, 156 Ohio St.3d 288, 2019-Ohio-765, 125 N.E.3d 878. Chodosh failed to reasonably communicate with two clients, failed to properly disclose his fee-sharing arrangement, and disclosed confidential client information without consent. He also made a settlement demand without his client's knowledge or consent and engaged in dishonest conduct comparable to Davis's by forging that client's signature on several documents, notarizing one of those documents, and then submitting it to an insurer. In the presence of just one aggravating factor and multiple mitigating factors, we suspended Chodosh from the practice of law for one year, with the suspension stayed in its entirety on the conditions that he engage in no further misconduct and pay the costs of his disciplinary proceedings. *Id*. at ¶ 19, 26.

{¶ 19} In *Cleveland Metro. Bar Assn. v. Mariotti*, 158 Ohio St.3d 522, 2019-Ohio-5191, 145 N.E.2d 286, we imposed a similar sanction on an attorney who neglected a client's matter, lied to that client about the status of his case, and failed to communicate the limited scope of his representation to another client. Mariotti also failed to reasonably communicate with either client and failed to cooperate in the ensuing disciplinary investigation.

{¶ 20} Aggravating factors consisted of Mariotti's prior continuing-legal-education ("CLE") and attorney-registration suspensions; his dishonest or selfish motive; his pattern of misconduct; his multiple offenses; and his initial failure to

cooperate in the disciplinary proceeding, which resulted in the imposition of an interim default suspension. *Id*. at ¶ 21. But once Mariotti responded to the disciplinary proceedings, he made full and free disclosure to the panel, exhibited a cooperative attitude, and expressed genuine remorse for his misconduct. *Id*. We suspended him from the practice of law for one year, with the suspension stayed in its entirety on the conditions that he complete six hours of CLE focused on law-office management; serve a one-year period of monitored probation, with the monitoring focused on client communication and proper client-trust-account management; and engage in no further misconduct. *Id*. at ¶ 28.

{¶ 21} The board also considered *Toledo Bar Assn. v. DeMarco*, 144 Ohio St.3d 248, 2015-Ohio-4549, 41 N.E.3d 1237, in which we imposed a one-year suspension with six months conditionally stayed on an attorney who made a series of misrepresentations to a court at two separate hearings and showed no remorse until confronted in court with a voicemail message in which he essentially admitted that he had lied to the court.

{¶ 22} Here, we find that Davis's failure to cooperate in the Mangeni investigation, while troubling, did not result in the imposition of an interim default suspension as Mariotti's did. Although Davis engaged in a pattern of misconduct involving multiple offenses, his dishonesty—like Mariotti's and in contrast to DeMarco's—was an isolated incident. Unlike Mariotti, Davis has no history of prior discipline. He also testified that he had apologized to both of his clients for his neglect and offered to complete their representations. Not only did Davis accept responsibility for his misconduct, but he also took some corrective actions to help him avoid committing similar misconduct in the future: he reduced his caseload, obtained new office-management software, and hired an assistant to help him draft documents.

{¶ 23} Having considered Davis's misconduct, the aggravating and mitigating factors, and the applicable precedent, we agree that a one-year

suspension stayed in its entirety on the conditions recommended by the board is the appropriate sanction in this case.

**Conclusion**

**{¶ 24}** Accordingly, Wesley Robert Davis is suspended from the practice of law for one year with the suspension stayed in its entirety on the conditions that he (1) make restitution of $1,500 to Charmaign Fish within 90 days of this order, (2) complete a one-year term of monitored probation pursuant to Gov.Bar R. V(21), with the monitoring focused on office practices and procedures in monitoring client deadlines, the timely handling of client matters, and the establishment of good office practices in dealing with clients, and (3) refrain from any further misconduct. If Davis fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Davis.

Judgment accordingly.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion joined by STEWART, J.

———————————

**KENNEDY, J., concurring in judgment only.**

**{¶ 25}** I concur in the majority's judgment suspending respondent, Wesley Robert Davis, from the practice of law for one year, with the entire suspension stayed on the conditions that he make restitution, complete monitored probation, and refrain from further misconduct, but I write separately because under our binding precedent, the analysis should begin with the framework adopted in *Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 658 N.E.2d 237 (1995), for determining the appropriate sanction to be imposed on an attorney who made false statements to a client or a tribunal.

**{¶ 26}** In *Fowerbaugh*, the court expressed its "growing concern with the increase in the discipline matters referred to [this court] by the Board of Commissioners on Grievances and Discipline [now known as the Board of Professional Conduct] in which members of the bar of Ohio [had] deceived their clients or a court." *Id.* at 190. Prior to this court's decision in *Fowerbaugh*, the court "had imposed a wide range of sanctions for misconduct involving a pattern of dishonesty toward clients and courts." *Disciplinary Counsel v. Adelstein*, 160 Ohio St.3d 511, 2020-Ohio-3000, 159 N.E.3d 1126, ¶ 37, (Kennedy, J., concurring in part and dissenting in part), citing *Disciplinary Counsel v. Gwyn*, 71 Ohio St.3d 8, 640 N.E.2d 1141 (1994) (public reprimand for fabricating pleadings showing that a case had been filed and dismissed), *Toledo Bar Assn. v. Dzienny*, 72 Ohio St.3d 173, 648 N.E.2d 499 (1995) (fully stayed six-month suspension for misleading a client that a medical-malpractice action was filed before the statute of limitations expired), and *Lake Cty. Bar Assn. v. Speros*, 73 Ohio St.3d 101, 652 N.E.2d 681 (1995) (six-month suspension for filing an affidavit in a court bearing a forged signature of a notary and containing a false statement blaming the failure to timely file an appellate brief on a clerical error).

**{¶ 27}** The *Fowerbaugh* court "recogniz[ed] that the sanctions that we [had] imposed [up to that point] against lawyers who [had engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation were] apparently not causing some lawyers to understand the importance of being honest with courts and clients." *Fowerbaugh* at 190. Emphasizing that misrepresentation to a client or a court "strikes at the very core of a lawyer's relationship with the court and with the client," *id.*, this court announced a new presumptive sanction: "When an attorney engages in a course of conduct resulting in a finding that the attorney has [engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation], the attorney will be actually suspended from the practice of law for an appropriate period of time." *Id.* This court has subsequently cited *Fowerbaugh* as creating a

"presumptive sanction" for this type of misconduct. *E.g., Disciplinary Counsel v. Proctor*, 131 Ohio St.3d 215, 2012-Ohio-684, 963 N.E.2d 806, ¶ 18.

{¶ 28} Following *Fowerbaugh*, the court has adopted "presumptive sanctions for some [other] common forms of attorney misconduct." *Disciplinary Counsel v. Streeter*, 138 Ohio St.3d 513, 2014-Ohio-1051, 8 N.E.3d 920, ¶ 21. "[D]isbarment is the presumptive sanction for continuing to practice law while under suspension." *Disciplinary Counsel v. Fletcher*, 135 Ohio St.3d 404, 2013-Ohio-1510, 987 N.E.2d 678, ¶ 10. Also, "disbarment is the presumptive disciplinary measure for acts of misappropriation," *Disciplinary Counsel v. Kelly*, 121 Ohio St.3d 39, 2009-Ohio-317, 901 N.E.2d 798, ¶ 17, including misconduct in "[t]aking retainers and failing to carry out contracts of employment," *Cincinnati Bar Assn. v. Weaver*, 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 16. This court has further indicated that "the presumptive sanction for neglect of client matters coupled with the failure to cooperate in the ensuing disciplinary investigation is an indefinite suspension from the practice of law." *Disciplinary Counsel v. Engel*, 154 Ohio St.3d 209, 2018-Ohio-2988, 113 N.E.3d 481, ¶ 13.

{¶ 29} None of these presumptive sanctions have been formally adopted in the Rules for the Government of the Bar. And one might question the utility of establishing presumptive sanctions when the sanction actually imposed remains dependent on the unique facts and circumstances of each disciplinary case based on the fact that "we are not limited to the factors enumerated in the rules, but may consider 'all relevant factors' in determining the appropriate sanction for an attorney's misconduct." Streeter at ¶ 20, quoting BCGD Proc.Reg. 10(A) and (B) (the quoted language is now set forth in Gov.Bar R. V(13)(A)). If, however, the court is not going to overrule these court-made presumptions, then it would benefit both attorneys and disciplinary authorities to have these presumptions adopted into a rule.

{¶ 30} In any case, *Fowerbaugh* provides the rule of decision in this case, and unless and until it is overruled, it holds that the presumptive sanction for misrepresentations to clients and tribunals is an actual suspension from the practice of law. The majority, however, neither cites *Fowerbaugh* nor uses its presumption as the starting point for determining the required sanction. But as former justice Deborah Cook cautioned, the correct analysis when this court has set a presumptive sanction for specific misconduct is to "begin[] with the presumptive sanction" and determine whether there is any reason not to impose it. *Cleveland Bar Assn. v. Harris*, 96 Ohio St.3d 138, 2002-Ohio-2988, 772 N.E.2d 621, ¶ 9 (Cook, J., dissenting). The emphasis, then, must be on whether there is "sufficient evidence of mitigating or extenuating circumstances" to warrant imposition of a lesser sanction than the one presumed by our caselaw. *Edwards* at ¶ 18.

{¶ 31} Davis failed to diligently and competently represent two clients, falsely notarized and then filed two affidavits, and initially failed to cooperate in the investigation of one of the grievances. In committing this misconduct, he acted with a dishonest or selfish motive, engaged in a pattern of misconduct, committed multiple offenses, and exhibited an initial lack of cooperation in the disciplinary process. Based on this misconduct, *Fowerbaugh* provides that the presumptive sanction is an actual suspension from the practice of law.

{¶ 32} But there is evidence of mitigating circumstances. Davis has practiced for almost two decades, and he has not previously been subjected to discipline. Moreover, Davis's dishonesty was an isolated incident. And his cooperation in the disciplinary proceedings by stipulating to all the alleged misconduct and relator Columbus Bar Association's exhibits, fully cooperating at the hearing, and joining the relator in a posthearing brief is mitigating. *See* Gov.Bar R. V(13)(C)(4); *Disciplinary Counsel v. Shramek*, 98 Ohio St.3d 441, 2003-Ohio-1636, 786 N.E.2d 869, ¶ 10. There is also evidence that Davis attempted to mitigate the harm to his clients, accepted responsibility for his misconduct, and took

corrective actions to avoid committing similar misconduct in the future—he reduced his caseload, obtained new office-management software, and hired an office assistant.

**{¶ 33}** In my view, the evidence of mitigating circumstances presented is sufficient to rebut the presumption that an actual suspension from the practice of law is necessary to protect the public and deter future misconduct. I therefore concur in the majority's judgment suspending Davis from the practice of law for one year, with the entire suspension stayed on the conditions that he make restitution, complete monitored probation, and refrain from committing further misconduct.

STEWART, J., concurs in the foregoing opinion.

––––––––––––––––

Manley Deas Kochalski, L.L.C., and Holly Nicole Wolf; Nicole Makeda; and Kent R. Markus, Bar Counsel, and Thomas E. Zani, Deputy Bar Counsel, for relator.

Wesley Robert Davis, pro se.

––––––––––––––––