**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Moore*, Slip Opinion No. 2024-Ohio-5198.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5198

DISCIPLINARY COUNSEL *v*. MOORE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Moore*, Slip Opinion No. 2024-Ohio-5198.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—One-year suspension, fully stayed on conditions.*

(No. 2024-1106—Submitted September 3, 2024—Decided November 1, 2024.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2023-048.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ. BRUNNER, J., did not participate.

**Per Curiam.**

**{¶ 1}** Respondent, Robert Lee Moore, of Mentor, Ohio, Attorney Registration No. 0080383, was admitted to the practice of law in Ohio in 2006.

**{¶ 2}** In a December 27, 2023 complaint, relator, disciplinary counsel, charged Moore with professional misconduct arising from his repeated failures to communicate with a single client, his failure to prosecute the client's case, and misrepresentations he made to opposing counsel and the client. The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors, submitted stipulated exhibits, and agreed to a recommended sanction.

**{¶ 3}** A three-member panel of the Board of Professional Conduct found that Moore committed misconduct as charged (except for one count that was dismissed on relator's recommendation) and adopted the parties' recommended sanction of a one-year suspension, with the suspension stayed on the conditions that Moore comply with his two-year Ohio Lawyers Assistance Program ("OLAP") contract and refrain from further misconduct. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. The parties jointly waived objections to the board's findings and recommendations. *See* Gov.Bar R. V(17)(B)(3).

**{¶ 4}** After reviewing the record and our applicable caselaw, we adopt the board's findings of misconduct and its recommended sanction.

## MISCONDUCT

**{¶ 5}** On October 21, 2017, Deanna Bodak was injured in a motorcycle accident. State Farm Insurance Company denied Bodak's claims for bodily injury, and in January 2018, Bodak hired Moore to represent her in negotiations with State Farm. In February, Moore provided Bodak forms to fill out for her claim and submitted the forms on her behalf to State Farm. More than one year later, in April 2019, State Farm requested additional documents from Moore. He did not respond. Thereafter, Moore failed to respond to multiple emails sent by Bodak inquiring about the status of her claim, nor did he respond to a letter sent by State Farm inquiring about the claim's status.

**{¶ 6}** On October 21, 2019, the last day before the two-year statute of limitations expired, Moore filed a lawsuit against the driver of the motorcycle involved in the accident, Donald Tenney, Bodak's husband at the time of the filing, who was insured by State Farm. Moore did not ask for Bodak's approval before filing the complaint. Later that day, in response to several emails Bodak had sent over the preceding several weeks inquiring about the status of any settlement negotiations with State Farm, Moore emailed Bodak and falsely claimed that he was waiting for the company to respond. He also said that he had tried contacting her and then informed her that he had filed a lawsuit to protect her claim. Bodak responded, requesting more information about the lawsuit. Moore did not respond or contact her again until June 2020.

**{¶ 7}** On December 18, 2019, Margo Meola, State Farm's attorney assigned to defend Tenney, sent an answer and discovery requests to Moore. Moore never responded to the discovery requests—instead, he falsely told Meola he was waiting for Bodak to respond to him in connection with the requests. Meola ultimately filed a motion to compel responses to the discovery requests. Moore did not inform Bodak of the discovery requests or the motion to compel, nor did he respond to the motion. On May 1, the court granted the motion, ordering Bodak to respond to the requests within 30 days. Moore did not tell Bodak about the court's order.

**{¶ 8}** On June 4, 2020, after the deadline to respond had passed, Moore emailed certain responsive records to Meola's office but did not provide written responses to the discovery requests. Moore again told opposing counsel that he was waiting to hear from Bodak before he could provide written responses to the discovery requests.

**{¶ 9}** On June 30, 2020, Moore voluntarily dismissed Bodak's complaint. Later that day, Bodak emailed Moore asking what else he needed for her lawsuit. Moore did not respond, nor did he let her know that he had dismissed the complaint.

Over the next year, Bodak repeatedly attempted to contact Moore but he did not respond.

{¶ 10} On June 29, 2021, Moore refiled Bodak's complaint against Tenney. Meola again represented Tenney and requested discovery. Meola then sought to depose Bodak and tried to work with Moore to schedule the deposition, but he was generally unresponsive. On November 23, Meola filed a notice of deposition indicating that Bodak's deposition would be taken on December 3, but Moore did not give the notice to Bodak. On December 2, Moore instructed Bodak to come to his office the next day for the deposition. Bodak went to Moore's office and was deposed, though Moore had not prepared her.

{¶ 11} Meola moved for summary judgment on January 14, 2022. Moore did not tell Bodak about or oppose the motion. On February 18, 2022, the court granted the motion, dismissing Bodak's complaint with prejudice based on the uncontroverted evidence submitted by Tenney. Moore did not let Bodak know about the dismissal.

{¶ 12} On March 14, 2022, after discovering that her case had been dismissed by checking the court's online docket, Bodak emailed Moore to inform him that she wanted to appeal. Moore did not respond. Bodak attempted to contact Moore again on March 24 and 30. When she finally reached Moore, he lied and said that the reason her case had been dismissed was that her deposition conflicted with the police report. Bodak then asked Moore to return her file, but he did not.

{¶ 13} Over the four years he represented Bodak, Moore did not conduct any discovery, interview any witnesses, or make a settlement demand.

{¶ 14} The parties stipulated and the board found that Moore's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(1) (requiring a lawyer to promptly inform a client of any decision or circumstance with respect to which the client's informed consent is required), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about

the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with a client's reasonable requests for information), 1.16(d) (requiring a lawyer to promptly deliver client papers and property as part of the termination of representation), 8.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We adopt these findings of misconduct.

## SANCTION

**{¶ 15}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 16}** We have held that "[w]hen an attorney engages in a course of conduct that violates "an ethical rule prohibiting dishonesty, fraud, deceit, or misrepresentation], the attorney will be actually suspended from the practice of law for an appropriate period of time." *Disciplinary Counsel v. Fowerbaugh*, 1995-Ohio-261, syllabus. But as we recently explained in *Mahoning Cty. Bar Assn. v. Macala*, 2024-Ohio-3158, "[w]e have tempered the presumptive sanction of an actual suspension for an attorney's dishonest conduct in two sets of circumstances. First, we have done so when an attorney has engaged in an isolated incident of dishonest conduct," *id.* at ¶ 24. "Second, we have recognized that 'an abundance of mitigating evidence can justify a lesser sanction.' " *Id.* at ¶ 25, quoting *Disciplinary Counsel v. Markijohn*, 2003-Ohio-4129, ¶ 8.

**{¶ 17}** The aggravating factors the board found were that Moore had had a dishonest or selfish motive, he had committed multiple offenses, and his client had been vulnerable and suffered harm. *See* Gov.Bar R. V(13)(B)(2), (4), and (8). As

for mitigating factors, the board found that three are present in this case: a clean disciplinary record, Moore's full and free disclosure to the board and cooperative attitude toward the proceeding, and evidence of his good character or reputation. *See* Gov.Bar R. V(13)(C)(1), (4), and (5). The board also considered Moore's service in the United States Marine Corps and his ongoing treatment for depression and anxiety as weighing in favor of a less severe sanction.

{¶ 18} The board recommends that we suspend Moore for one year, with the suspension stayed on the conditions that he remain in compliance with his two-year OLAP contract and refrain from further misconduct. In determining the appropriate sanction to recommend for Moore's misconduct, the board compared this case to *Columbus Bar Assn. v. Davis*, 2022-Ohio-1286.

{¶ 19} In *Davis*, we imposed a one-year suspension, conditionally stayed in its entirety, on an attorney for engaging in dishonest conduct and failing to competently and diligently represent two clients. For one client, Davis took nearly a year to file for a marriage dissolution and then caused the case to be dismissed when he failed to file the required documents. Davis represented to the client that he had filed paperwork in the court when he had not, forged signatures on affidavits, falsely notarized those documents, and then filed them in the court. Representing another client in a child-custody matter, Davis reached an agreement with the guardian ad litem and opposing counsel, did not inform his client of its details, and failed to file an entry memorializing that agreement after saying he would. The court dismissed the case after the entry was not filed. In addition, Davis initially failed to cooperate with the disciplinary proceedings. We noted several aggravating factors, including a dishonest or selfish motive and multiple violations, and only one mitigating factor—the absence of prior discipline. *Id.* at ¶ 15. After comparing his misconduct to similar misconduct in prior cases, we concluded that a conditionally stayed one-year suspension was the appropriate sanction. *Id.* at ¶ 24.

**{¶ 20}** Other cases provide additional support for the board's recommendation. In *Cincinnati Bar Assn. v. Burgess*, 2021-Ohio-2187, the attorney failed to seek temporary-support orders on behalf of a domestic-relations client, failed to appear for a scheduled status conference and trial in that matter, and—following his termination—falsely represented that he had delivered the client's file to her new counsel. He also failed to comply with another client's reasonable requests for information and failed to move to withdraw from the representation as required by local rule. *Id.* at ¶ 8.

**{¶ 21}** In *Burgess*, we found the aggravating factors of a pattern of misconduct, the commission of multiple offenses, the attorney's initial failure to participate in the disciplinary process, and harm caused to a vulnerable client. *Id.* at ¶ 12. The mitigating factors we noted were that Burgess had a clean disciplinary record, had made full and free disclosures to the board once involved in the disciplinary process, had submitted evidence of his good character, and had expressed remorse for his misconduct. *Id.* at ¶ 11. We also noted that Burgess had been diagnosed with a depressive disorder; while the disorder did not qualify as a mitigating factor under Gov.Bar R. V(13)(C)(7), we considered it in determining an appropriate sanction. *Id.* at ¶ 10-11. In light of our applicable precedent, we found the mitigating evidence sufficient to warrant a conditionally stayed one-year suspension for Burgess's misconduct. *Id.* at ¶ 16, 18.

**{¶ 22}** Here, based on our applicable caselaw and the mitigating evidence present, we conclude that a conditionally stayed one-year suspension is warranted. Like the attorney in *Davis*, Moore failed to prosecute his client's case—leading to an adverse outcome for the client. He also took action in the case without obtaining the client's approval and made misrepresentations to the client about the status of his work. Like the attorney in *Burgess*, Moore has been diagnosed with a mental disorder that does not qualify as a mitigating factor under Gov.Bar R. V(13)(C)(7). Nonetheless, in *Burgess*, we noted the diagnosis and conditioned the stay of the

attorney's suspension on his undergoing an OLAP evaluation and following the resulting treatment recommendations. Here, Moore identified the need for professional assistance in identifying and treating his mental-health conditions that affected his practice of law. He entered into a two-year OLAP contract and is attending weekly sessions for psychotherapy and psychological-wellness management. Lastly, we recognize Moore's service in the Marine Corps, and his community-service activities, including having founded a nonprofit organization to assist low-income families in his community. Moore also submitted 11 letters from community members and colleagues attesting to his character. The panel concluded that his misconduct arose from conditions that are not likely to recur. We find Moore's military service and his evidence of good character and reputation sufficiently compelling to warrant imposing a stayed suspension.

{¶ 23} "[W]e have consistently recognized that the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public." *Disciplinary Counsel v. Edwards*, 2012-Ohio-5643, ¶ 19, citing *Disciplinary Counsel v. O'Neill*, 2004-Ohio-4704, ¶ 53. So, although the presumptive sanction for Moore's misconduct is an actual suspension from the practice of law, *Fowerbaugh*, 1995-Ohio-261, at syllabus, we conclude that our applicable caselaw, the circumstances here, and the balance of aggravating and mitigating factors warrant a conditionally stayed one-year suspension. We therefore adopt the board's recommended sanction.

## CONCLUSION

{¶ 24} Accordingly, Robert Lee Moore is suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that he remain in compliance with his two-year OLAP contract and refrain from further misconduct. If Moore violates either condition of the stay, the stay will be lifted and he will serve the one-year suspension in its entirety. Costs are taxed to Moore.

Judgment accordingly.

————————————

Joseph M. Caligiuri, Disciplinary Counsel, and Martha S. Asseff and Melanie J. Williamson, Assistant Disciplinary Counsel, for relator.

The Klammer Law Office, Ltd., and Joseph R. Klammer, for respondent.

————————————